

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH:ANR

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 9, 2022

<u>By ECF and E-mail</u>

The Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Quadri Garnes</u>
                  <u>Criminal Docket No. 22-487 (NRM)</u>

Dear Judge Morrison:

        The government respectfully submits this letter with respect to the Court's order of July 7, <u>see</u> Dkt. entry dated July 7, 2023, excluding portions of the threatening call to the Department of Labor on September 29, 2022 (the "Call") that constitutes the charged conduct, specifically the portions of the defendant's threats in which he refers to his own prior incarceration and felonies as a reason why his threats should be taken seriously. The government submits that, to the extent the Court is concerned about undue prejudice with respect to these statements, the Court should issue a limiting instruction rather than taking the extraordinary measure of excluding portions of the defendant's threats.

        Such a limiting instruction would direct the jury that references to prior incarceration in the Call should not be considered for their truth. Indeed, the Court could affirmatively assert that the defendant's account of his criminal history in the Call is inaccurate and should not be relied upon in any way for its veracity. The proposed limiting instruction would ensure that the jury will draw no conclusions about the defendant's criminal history from the Call. At the same time, the government would retain the ability to present to the jury this essential probative evidence that goes to both the <u>actus reus</u> and the <u>mens rea</u> of the charged offenses. As the government laid out in its motions <u>in limine</u>, the defendant's repeated statements about his criminal history are at the very heart of this case: they constitute the core of the defendant's offense conduct, and the government respectfully

urges the Court to consider this limiting instruction instead of taking the unprecedented step of excluding, in a trial for threats, portions of the threats themselves. The excluded evidence is key to the government's proof because it would allow a jury to assess the criminal conduct in its entirety and reasonably infer that the defendant repeatedly referenced his criminal history during his threats to communicate to the victims that his threats should be believed because he claimed he had committed crimes in the past and was not afraid to return to jail.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:  /s/
      Antoinette N. Rangel
      Assistant United States Attorney
      (718) 254-7481

cc:    Clerk of Court (NRM) (by ECF)
       Kannan Sundaram, Esq. (by ECF)